UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20102-RAR

UNITED STATES OF AMERICA

v.

JOSE EZEQUIEL GAMEZ-MARAVILLA,
HUGO ADIEL BERMUDEZ-MARTINEZ, and
WILBER ROSENDO NAVARRO-ESCOBAR,

    Defendants.
_____/

## ORDER SETTING TRIAL AND PRE-TRIAL DEADLINES AND GUIDELINES

**THIS CAUSE** came before the Court for a Case Management Conference on May 9, 2025, [ECF No. 46], as to capital-eligible Defendants, Jose Ezequiel Gamez-Maravilla, Hugo Adiel Bermudez-Martinez, and Wilber Rosendo Navarro-Escobar. All three Defendants advised the Court that their counsel will need at least nine months to present their death-mitigation packages to the United States Attorney's Office for the Southern District of Florida; that, once mitigation packages are submitted, the Government will need up to six months to determine whether it will seek the death penalty against Defendants; and that counsel for Defendants will then need at least an additional twelve months after the Government files a Notice of Intent pursuant to 18 U.S.C. § 3593(a) to prepare properly for trial.[1]

Put simply, counsel for Defendants have moved, *ore tenus*, for the Court to set trial in this matter no earlier than the summer of 2027 ("Motion"). For the reasons discussed at the Case Management Conference, and the Court having carefully reviewed the docket and being otherwise fully advised, it is hereby

---

[1] As discussed at the Case Management Conference, the time required to prepare for trial will be substantially less if the Government opts not to pursue a sentence of death.

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Court finds, pursuant to 18 U.S.C. § 3161(h)(7), that the ends of justice served by a lengthy continuance in this case outweigh the best interests of the public and the Defendants in a speedy trial. Specifically, the Court finds that Defendants have met three of the factors set out in section 3161(h)(7)(B)—namely, 1) that failure to grant the continuance would result in a miscarriage of justice in that counsel for the Defendants would not have adequate time to prepare a mitigation submission or to adequately prepare a defense to the crimes charged in the Indictment, 18 U.S.C. § 3161(h)(7)(B)(i); 2) that, because of the serious crimes charged and the fact that the charges expose Defendants to possible death sentences, "the case is so unusual [and] complex…that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii); and 3) that under section 3161(h)(7)(B)(v), failure to grant the continuance would "deny counsel for the [Defendants]…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

Accordingly, the period of delay resulting from this continuance—from the day the Motion was made, May 9, 2025, through the start of trial—shall be considered excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A).

It is further **ORDERED AND ADJUDGED** that the parties shall abide by the following schedule and guidelines:

1. The case is hereby set for **Jury Trial** during the two-week period that begins on **August 9, 2027**, at Courtroom 11-2, 11th Floor, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, Florida 33128. A **Calendar Call** will be held on **Tuesday, August 3, 2027, at 11:00 A.M.**, at the same location.

2. All pre-trial motions and motions *in limine* must be filed by **July 9, 2027**. Each party is limited to filing one motion *in limine*.

3. The Government shall file a **Notice of Intent to Seek the Death Penalty pursuant to 18 U.S.C. § 3593(a)** ("Notice of Intent") or announce its decision not to seek the death penalty, on or before **August 7, 2026**.

4. If the Government files a Notice of Intent, the Court will schedule a Status Conference within **fourteen (14) days** to address the scheduling of issues germane to a possible penalty phase, including, but not limited to, motions challenging the Notice of Intent, proposed jury questionnaires, and expert witness disclosures.

5. Defendants shall each submit their respective written mitigation presentations to the United States Attorney's Office for the Southern District of Florida by **February 13, 2026**.

6. **Prior to Calendar Call**, the parties shall submit, in Word format, via e-mail to ruiz@flsd.uscourts.gov, proposed jury instructions for the initial phase of the trial, including substantive charges and defenses, and a verdict form. For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov. Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly. Where the parties do not agree on a proposed instruction, **that instruction shall be set forth in bold type. Instructions proposed only by the Government shall be underlined.** *Instructions proposed solely by the defense shall be italicized.* Every instruction must be supported by citation to authority. The deadline for filing penalty phase jury instructions will be addressed *if* the Defendant is convicted of a death-eligible offense and the government continues to seek a sentence of death.

7. **Prior to Calendar Call**, all counsel shall file lists of proposed witnesses and/or exhibits to be presented at the initial phase of trial. All exhibits to be offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Government exhibits shall be designated numerically, defense exhibits will proceed alphabetically. Should the Government file a Notice of Intent, the Court will address the deadline for filing penalty phase witness lists and exhibits after the parties have been provided an opportunity to brief that issue.

8. If any party seeks to introduce transcript(s) at the trial, that party shall exchange those transcripts with all counsel **prior to Calendar Call**. If a transcript cannot be agreed upon, each party shall be prepared to produce its own version for the trier of fact.

9. All requests for writs *ad testificandum* must be filed no later than **14 business days prior to the first day of the scheduled trial period**.

10. All responses pursuant to the Standing Discovery Order, Local Rule 88.10 and/or Federal Rule of Criminal Procedure 5(f) shall be provided in a timely fashion in accordance with the dates scheduled by the Magistrate Judge. Noncompliance with the Standing Discovery Order, the Local Rules, or the Federal Rules of Criminal Procedure may result in sanctions.

11. Upon receipt of this Order, counsel for each Defendant shall certify with the Court's courtroom deputy whether that Defendant requires the aid of an interpreter. All parties are under an additional instruction to notify the Court, at least 24 hours prior to any hearings or trial, if an interpreter is required.

12. Arrangements for appropriate clothing for Defendants in custody must be made with the Bureau of Prisons at least **seven days** prior to the scheduled trial date.

13. Local Rule 7.1(a)(2) requires that certain motions be accompanied by proposed orders, which must be filed as attachments to those motions. **FURTHERMORE, PURSUANT**

**TO CM/ECF ADMINISTRATIVE PROCEDURES, PROPOSED ORDERS SHALL BE SUBMITTED TO THE COURT BY E-MAIL, IN WORD FORMAT TO** ruiz@flsd.uscourts.gov.

14. A status conference in this matter will be held via Zoom on **Friday, August 22, 2025, at 1:30 P.M.** The Court will provide login instructions prior to the status conference.

**DONE AND ORDERED** in Miami, Florida, this 9th day of May, 2025.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE